John L. RHODES, Jr., et al., Plaintiffs,

v.

DONOHOE CONSTRUCTION COMPANY, et al., Defendants.

Civ. A. No. 80–2038.

United States District Court, District of Columbia.

Oct. 29, 1981.

Timothy F. X. Cleary, Washington, D. C., for plaintiffs.

Gary W. Brown, Washington, D. C., for Donohoe.

Thomas M. Hogan, Washington, D. C., for Peck & Hiller Co.

M. Michael Cramer, Rockville, Md., for Parametric.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

Plaintiffs instituted this action to recover damages for defendants' alleged negligence. Each of the three defendants has moved for summary judgment on the identical grounds that plaintiffs failed to commence their action within the time permitted by the applicable workers' compensation statute. We conclude that plaintiffs' action was timely filed and that defendants' summary judgment motions should be dismissed.

### Factual Background

On February 27, 1979, John Rhodes suffered severe injuries when he fell through a scaffold catwalk at the construction site of the Washington Technical Institute (WTI) in the District of Columbia. At the time of the accident, Rhodes was employed as a construction worker for Nueva Construc-

tion Company, a subcontractor on the WTI project.

Rhodes filed a claim for workers' compensation on March 26, 1979 with Nueva's compensation carrier, Aetna Casualty and Surety Company. Aetna arrived at a settlement with Rhodes, and on February 8, 1980, Rhodes received a compensation order which had been signed and approved by the Deputy Commissioner of the Office of Workers' Compensation Programs. Pursuant to that settlement, a check was mailed to Rhodes on February 12, 1980. He received the check on February 21, 1980 and that same day deposited it in his bank.

On August 12, 1980 Rhodes filed the present action alleging negligence on the part of Donohoe Construction Company, the general contractor on the WTI project; Peck and Hiller Company, the sub-subcontractor on the project; and Parametric, Inc., a company under contract to the owner of the building on which the scaffolding was placed (the General Services Administration) to insure job safety at the site. Janice Rhodes also brought action for losses which resulted from her husband's injuries. Each of the three defendants has moved for summary judgment on the grounds that plaintiffs failed to file the present action within the time provided under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 933(b) (made applicable to the District of Columbia by 36 D.C.C.E. § 501 et seq.).

## Discussion

The District of Columbia has adopted the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), along with all of its present and future amendments, as its workers' compensation law. D.C.C.E. § 501 et seq. LHWCA provides, in pertinent part, that acceptance of compensation under an award in a compensation order, shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person [the tortfeasor] unless such person shall commence an action against such third person within six months after such award.

33 U.S.C. § 933(b).

The Supreme Court, in a recent decision, mandated that the six-month time limitation on an action by an injured claimant against the person responsible for his injuries must be strictly enforced. *Rodriquez v. Compass Shipping Co., Ltd.,* 451 U.S. 596, 101 S.Ct. 1945, 1950, 68 L.Ed.2d 472 (1981).

The novel question which arises in the present case, and which the court in *Rodriquez* did not address directly, is whether the six-month period contained in 33 U.S.C. § 933(b) begins to run on the date the claimant receives the compensation order, or on the date the claimant receives and accepts funds pursuant to an award in that order.

Since the statutory provision is not a model of clarity, we have resorted to the legislative history to ascertain the legislative intent. The language and legislative history of the statute and its practical application warrant a finding that a claimant's receipt and acceptance of funds awarded in a compensation order commences the six-month period during which the claimant may bring action.

The pertinent provisions of 33 U.S.C. § 933(b) were enacted by Congress as an amendment to LHWCA in 1959. P.L. 86–171, § 33(b), 73 Stat. 391 (1959). In introducing the proposal which ultimately became P.L. 86–171,[1] then Senator John F. Kennedy of Massachusetts submitted an analysis of the bill which noted,

Section 33(b) provides that unless the person entitled to compensation brings an action for damages against the third person within *6 months after acceptance of*

1. The statute introduced by Senator Kennedy was adopted by the Senate on July 6, 1959 as an amendment to H.R. 451. 105 Cong.Rec. 12674–12675 (1959). On August 10, 1959, the House approved H.R. 451 with the Senate amendment. 105 Cong.Rec. 15343 (1959). On August 18, 1959, the President signed H.R. 451 into law as P.L. 86–171, 105 Cong.Rec. 16393 (1959).

*compensation under an award in a compensation order* filed by the Deputy Commissioner, the acceptance shall operate as an assignment of the cause of action to the employer. (emphasis added).

105 Cong.Rec. 9226 (1959).

Similarly, the Acting Secretary of Labor, in a letter incorporated in the Senate Report on the 1959 amendment to LHWCA, interpreted the amendment as commencing a claimant's six-month right of action upon his acceptance of compensation,

> Under certain circumstances, it [1959 amendment to LHWCA] would permit acceptance of compensation benefits and an action by the employee or his representative against the third party. On the other hand, *if compensation were accepted* without instituting an action against the third party within the period allowed in the bill, the cause of action would be assigned to the carrier after it had given the required notice.[2] (emphasis added).

While the *Rodriquez* decision does not address directly the point at which a claimant's six-month right of action begins under LHWCA, the Supreme Court assumes that acceptance of compensation under an award marks the beginning of the period.[3] At the same time the court provides clear guidance on the commencement of the six-month period for the purpose of determining at what point the claimant's right of action is assigned by statute to claimant's employer:

> The only conditions precedent to the statutory assignment are the acceptance of compensation pursuant to an award in a

compensation order and the passage of the required period of 6 months.

*Rodriquez, supra,* 101 S.Ct. at 1950.

The statute itself speaks of "acceptance of compensation under an award in a compensation order" as triggering the period prior to the assignment of claimant's cause of action. 33 U.S.C. § 933(b).[4]

Under the defendants' interpretation of 33 U.S.C. § 933(b), the claimant's right of action against third-party tortfeasors would end before the assignment of that right of action to claimant's employer becomes operative. For example, applying defendants' approach to the present case, the six-month period for the filing of Rhodes' right of action began to run on February 8, 1980, the date Rhodes received the compensation order. However, under the statute and the holding in *Rodriquez,* February 21, 1980, the date on which Rhodes received and accepted compensation pursuant to an award in the order, marks the commencement of the six-month period before the effective date of an assignment to Rhodes' employer of his right of action. Common sense dictates that Congress did not intend to create a period of limbo in which neither the claimant nor his employer, as claimant's assignee under the statute, could bring action. No apparent purpose will be served by relegating a right of action to such a temporary "no man's land." The legislative history of 33 U.S.C. § 933(b) is devoid of any indication that Congress intended to construct the bizarre statutory scheme propounded by defendants. Rather, Congress intended for an employer's right of action under the statute to follow directly upon the expiration of the claimant's right of action:

---

**2.** Letter from Acting Secretary of Labor James T. O'Connell to Senator Lister Hill of Alabama, Chairman of the Senate Committee on Labor and Public Welfare. May 1, 1959, S.Rep.No. 428, 86th Cong., 1st Session at 3. (1959), U.S. Code Cong. & Admin.News 1959, pp. 2134, 2136.

**3.** The court observed, "There is no dispute about the parties' respective interests in either (a) a claim asserted by a longshoreman against a shipowner within the 6-month period following acceptance of a compensation award or (b) a claim asserted by the stevedore against the shipowner after the 6-month period has

elapsed. In the former situation, the longshoreman has exclusive control of the action." *Rodriquez, supra,* 101 S.Ct. at 1949.

**4.** One of the defendants, Donohoe, also argues that the previous receipt by the plaintiff of benefits from February, 1979 to December 18, 1980 was pursuant to an "award" and triggered the running of the six-month period. The mere acceptance of benefits absent a formal compensation order does not trigger the six-month limitation period. *Dunbar v. Retla S. S. Co.,* 484 F.Supp. 1308, 1311 (E.D.Pa.1980).

Congress unequivocally made the choice in favor of first giving the employee exclusive control of the cause of action for a 6-month period and then giving the employer exclusive control thereafter, instead of opting for any form of simultaneous joint or partial control.

*Rodriquez, supra,* 101 S.Ct. at 1955.

Defendants contend the plain meaning of 33 U.S.C. § 933(b) demonstrates that a claimant's right of action commences upon the receipt of the compensation order itself. They point to the statute's reference to the claimant's "award" as the beginning of the six-month period at issue. This contention requires only a brief response. First, the statute specifically refers to the acceptance of compensation under an award in a compensation order. Second, in order to make sense of the statutory scheme devised by Congress, the term "award" is to be interpreted in conjunction with the statutory language earlier in the same paragraph which commences the running of the six-month period upon the claimant's acceptance of compensation. 33 U.S.C. § 933(b). Finally, clear expressions of Congressional intent and sound policy must take precedence over defendants' tortured construction.

Rhodes received and accepted compensation under an award in a compensation order on February 21, 1981. He and his wife instituted the present action on August 12, 1981. As less than six months elapsed between Rhodes' acceptance of compensation funds and the institution of this action, his complaint was timely filed [5] and the statutory assignment of the cause of action to plaintiff's employer never took effect.

### Conclusion

For the above reasons, we conclude that defendants' motions for summary judgment should be denied.

An order consistent with the foregoing has been entered this day.

---

5. Aetna Casualty and Surety Company insures both Rhodes' former employer, Nueva Construction, and one of the defendants, Peck and Hiller Company. As a result, plaintiff's claim that under the conflict of interest rule established in *Czaplicki v. The Hoegh Silvercloud,* 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956), Rhodes is not subject to the six-month limitation period contained in 33 U.S.C. § 933(b). The Court in *Rodriquez* substantially eroded the holding in *Czaplicki.* In view of our disposition of the defendants' summary judgment motions on other grounds, we do not address the application of *Czaplicki* to the present case.