**Bruce L. DODSON, Appellant,**

v.

**WASHINGTON AUTOMOTIVE COMPANY, et al., Appellees.**

**No. 81–1466.**

District of Columbia Court of Appeals.

Submitted Nov. 10, 1982.

Decided May 16, 1983.

---

William C. Burgy, Washington, D.C., was on brief, for appellant.

Leo A. Roth, Washington, D.C., was on brief, for appellees.

Robert F. Condon and Bruce M. Bettigole, Cleveland, Ohio, were on the brief, for appellees Blake Const. and Leo Kornblath Associates.

Before NEWMAN, Chief Judge, and KERN and TERRY, Associate Judges.

PER CURIAM:

The issue on appeal is whether Bruce Dodson is barred from filing a third party claim by § 933 of the Longshoremen's and Harbor Workers' Act, 33 U.S.C. § 901 *et seq.* (as incorporated by D.C.Code § 36–501 (1973)) (the Longshoremen's Act). Section 933 of the Longshoremen's Act requires a worker to file a third party claim within six months of receiving workmen's compensation under the Act.[1] Appellant failed to

---

1. 33 U.S.C. § 933 reads as follows:

§ 933. Compensation for injuries where third persons are liable

Election of remedies

(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer or a person or persons in his employ is liable in damages, he need not elect whether to receive such compensation or to recover damages against such third person.

Acceptance of compensation operating as assignment

(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner or Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award.

Payment into section 944 fund operating as assignment

(c) The payment of such compensation into the fund established in section 944 of this title shall operate as an assignment to the employer of all right of the legal representative of the deceased (hereinafter referred to as "representative") to recover damages against such third person.

Institution of proceedings or compromise by assignee

(d) Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding.

Recoveries by assignee

(e) Any amount recovered by such employer on account of such assignment, whether or not as the result of a compromise, shall be distributed as follows:

(1) The employer shall retain an amount equal to—

(A) the expenses incurred by him in respect to such proceedings or compromise (including a reasonable attorney's fee as determined by the deputy commissioner or Board);

(B) the cost of all benefits actually furnished by him to the employee under section 907 of this title;

(C) all amounts paid as compensation;

(D) the present value of all amounts thereafter payable as compensation, such present value to be computed in accordance with a schedule prepared by the Secretary, and the present value of the cost of all benefits thereafter to be furnished under section 907 of this title, to be estimated by the deputy commissioner, and the amounts so computed and estimated to be retained by the employer as a trust fund to pay such compensation and the cost of such benefits as they become due, and to pay any sum finally remaining in excess thereof to the person entitled to compensation or to the representative; and

(2) The employer shall pay any excess to the person entitled to compensation or to the representative, less one-fifth of such excess which shall belong to the employer.

Institution of proceedings by person entitled to compensation

(f) If the person entitled to compensation institutes proceedings within the period prescribed in subdivision (b) of this section the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the Secretary determines is payable on account of such

comply with this requirement. Therefore, we affirm the decision of the trial court.

On November 5, 1976, appellant fell down a flight of stairs while working on premises owned, operated, maintained, and constructed by appellees. He sustained head, back, and neck injuries and was awarded $7,000 compensation under the Longshoremen's Act. This sum was approved in a Compensation Order issued by the Deputy Commissioner of the Department of Labor. Although appellant received the compensation on August 5, 1977, he did not institute his third party action until more than two years later on November 5, 1979.

On October 21, 1981, the Superior Court granted appellees' motion for summary judgment. The court found that since appellant had not filed the third party action within six months of the compensation award, as required by § 933 of the Longshoremen's Act, the suit should be dismissed.

The Longshoremen's Act was enacted in 1927. It covers certain maritime workers and is administered by the Department of Labor. At the time the Longshoremen's Act was passed the public employees of the District were protected by a federal workers' compensation program, 5 U.S.C. § 8139 (1976), but the private employees of the District enjoyed no such coverage. Several attempts had been made to pass bills which would provide District of Columbia private employees with workmen's compensation but all efforts ended in a legislative deadlock. Finally in May of 1928, Congress adopted the Longshoremen's Act for the private employees of the District. D.C. Code §§ 36–501, –502.[2] These sections of

injury or death over the amount recovered against such third person.

Compromise obtained by person entitled to compensation

(g) If compromise with such third person is made by the person entitled to compensation or such representative of an amount less than the compensation to which such person or representative would be entitled to under this chapter, the employer shall be liable for compensation as determined in subdivision (f) of this section only if the written approval of such compromise is obtained from the employer and its insurance carrier by the person entitled to compensation or such representative at the time of or prior to such compromise on a form provided by the Secretary and filed in the office of the deputy commissioner having jurisdiction of such injury or death within thirty days after such compromise is made.

Subrogation

(h) Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall be subrogated to all the rights of the employer under this section.

Right to compensation as exclusive remedy

(i) The right to compensation or benefits under this chapter shall be the exclusive remedy to an employee when he is injured, or to his eligible survivors or legal representatives if he is killed, by the negligence or wrong of any other person or persons in the same employ: *Provided,* That this provision shall not affect the liability of a person other than an officer or employee of the employer.

2. D.C.Code §§ 36–501, –502 (1973) read as follows:

§ 36–501. Longshoremen's and Harbor Workers' Compensation Act made applicable to District of Columbia.

The provisions of chapter 18 of title 33, U.S.Code, including all amendments that may hereafter be made thereto, shall apply in respect to the injury or death of an employee of an employer carrying on any employment in the District of Columbia, irrespective of the place where the injury or death occurs; except that in applying such provisions the term "employer" shall be held to mean every person carrying on any employment in the District of Columbia, irrespective of the place where the injury or death occurs; except that in applying such provisions the term "employer" shall be held to mean every person carrying on any employment in the District of Columbia, and the term "employee" shall be held to mean every employee of any such person.

§ 36–502. Exceptions.

This chapter shall not apply in respect to the injury or death of (1) a master or member of a crew of any vessel; (2) an employee of a common carrier by railroad when engaged in interstate or foreign commerce or commerce solely within the District of Columbia; (3) an employee subject to the provisions of subchapter I of chapter 81 of title 5, U.S.Code; and (4) an employee engaged in agriculture, domestic service, or any employment that is casual and not in the usual course of the trade, business, occupation, or profession of the employer; and (5) any secretary, stenog-

the D.C.Code incorporated the Longshoremen's Act both substantively and procedurally. *District of Columbia v. Greater Washington,* 442 A.2d 110, 112 (D.C.1982).

The instant case specifically concerns § 933 of the Longshoremen's Act as incorporated by D.C.Code § 36–501. Under § 933, a worker who has received a compensation award from his employer, has six months to decide whether he will bring suit against a third party. If he does not bring the suit within the six-month period, his right to do so is assigned to his employer. If the employee pursues the litigation, he keeps any money awarded to him in excess of litigation costs, following reimbursement of his employer for any compensation received under the Longshoremen's Act. If the suit is assigned to the employer, any recovery remaining after litigation costs and recoupment of compensation paid to the employee is divided between the employer and the employee. The employee receives 80% and the employer receives 20%.

The employee did not always have the opportunity both to receive compensation and to sue a third party for negligence. Prior to 1959 a worker had to choose between remedies. In 1956 the House conducted hearings that eventually led to the amendment of § 933 in 1959. Following this amendment, the employee could exercise both remedies.[3]

Appellant claims that § 933 should not bar his third party claim. He argues that the Longshoremen's Act was meant to benefit employees and that the entire act should be interpreted to conform with this intent. Appellant reasons that to allow § 933 to bar a third party claim filed more than six months after compensation is received violates the intent of the Act because it curtails the employee's common law right

to bring a tort claim for personal injuries for up to three years after the injury was incurred.[4] Thus, appellant asserts, § 933 is actually detrimental to employees unless it is interpreted not to curtail any common law rights employees historically have possessed.

Appellees rely primarily on the case of *Rodriguez v. Compass Shipping Co., Ltd.,* 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981) to support their argument that § 933 should indeed bar appellant's third party action. The facts in *Rodriguez* were very similar to those in the present case. There, three longshoremen attempted to institute suits against negligent third party shipowners more than six months after receiving compensation from their employers under the Longshoremen's Act. The Second Circuit ruled that the suits could not be maintained pursuant to § 933; *Rodriguez v. Compass Shipping Co., Ltd.,* 617 F.2d 955 (1980). The Fourth Circuit, in a case involving the same issue, subsequently held the contrary. *Caldwell v. Ogden Sea Transport Inc.,* 618 F.2d 1037 (1980). The Supreme Court, hearing the case in order to resolve the dispute between the Circuits, affirmed the Second Circuit's ruling and held that § 933 did bar the suits. *Rodriguez, supra,* 451 U.S. at 617–18, 101 S.Ct. at 1957–58.

In support of this decision the Court stated that the plain language of § 933 barred third party claims, *Rodriguez, supra,* 451 U.S. at 603, 101 S.Ct. at 1950, and that:

[A]bsent a clearly expressed legislative intent to the contrary, [the statutory] language must ordinarily be regarded as conclusive.

*Id.* at 604, 101 S.Ct. at 1951 (quoting *Consumer Product Commissioner v. GTE Sylva-*

rapher, or other person performing any services in the office of any Member of Congress or under the direction, employment, or at the request of any Member of Congress, within the scope of the duties performed by secretaries, stenographers, or such employees of Members of Congress.

**3.** Most of the legislative history of § 933 can be found in *Hearings Before a Special Comm. on Education and Labor on Bills Relating to the Longshoremen's and Harbor Worker's Compensation Act,* 89th Cong., 2d Sess. (May 23, 24, and June 11, 1956) (House Hearings).

**4.** This common law right is codified in D.C. Code § 12–301 (1981).

*nia Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)). Upon examination of the legislative history of § 933 the Court found that Congress intended § 933 to bar third party claims filed by employees *more than six months after receiving compensation* under the Longshoremen's Act. *Rodriguez, supra,* 451 U.S. at 611–12, 101 S.Ct. at 1954–55.

Additionally, the Court stated, in direct refutation of appellant's argument, that § 933 conferred definite benefits upon employees. The Court found that it was clear from the 1956 hearings that § 933 was to benefit the employee by permitting him to receive compensation and also to file a third party claim. *Id.* Before the 1959 amendments the employee had to make the difficult choice between a certain compensation award or a riskier but potentially larger recovery from a successful third party claim.

Recognizing that *Rodriguez* not only decides the issue in dispute in the instant case in favor of appellees, but directly refutes his argument, appellant attempts to convince us that *Rodriguez* is not binding on this court. Appellant argues that *Rodriguez* applies only to traditional maritime situations, not to private employee-employer situations that fall outside the jurisdiction of maritime law. He supports this theory by citing *Edmonds v. Compagnie Generale Transatlantique,* 443 U.S. 256, 99 S.Ct. 2753, 61 L.Ed.2d 521 (1979). In *Edmonds* a longshoreman was injured while unloading a ship and the issue was whether the negligent third party shipowner should receive contribution from the negligent stevedore employer. The appellant relies on two comments made by the Supreme Court in *Edmonds* which he claims indicate that *Rodriguez* is not binding on this court

in the present case. In the first comment the Court stated:

> Of course, our decision does not necessarily have an effect on situations where the Act provides the worker's compensation scheme but the third party action is not governed by principles of maritime law.

*Id.* at 272, n. 31, 99 S.Ct. at 2762 n. 31.

In the second comment the Court stated:

> Indeed Congress might have intended to adopt the existing maritime rule for third party actions under the Act that are not within the admiralty jurisdiction, though we need not and do not reach that issue today.

*Id.* at 273, 99 S.Ct. at 2762. Despite these two passages, we believe *Rodriguez* is binding in the present dispute. The above quoted language refers only to the particular issue which was in dispute in *Edmonds.* Since *Rodriguez* is binding in the instant case, it is dispositive of the issue at hand in favor of the appellees.

Even if *Rodriguez* were not binding, however, we would find it persuasive and decide this case in a similar manner. In addition to the reasons given in *Rodriguez*[5] for finding that § 933 bars appellant's third party claim, there is the additional fact of the conspicuous absence of anything in D.C. Code § 36–501 or its legislative history indicating that Congress intended only certain portions of the Longshoremen's Act to apply to District of Columbia private employees.[6] If Congress did not intend for § 933 to apply to private employees in the District in nonmaritime situations, it could have easily put specific language to that effect in the Act, because it was aware that the Longshoremen's Act served as the workmen's compensation act for District of Columbia private employees.

---

5. The Supreme Court stated further:
   The simple standard set forth in § 33(b) protects the interests of both employees and employers, and is consistent with the general policy of the Act to encourage the prompt and efficient administration of compensation claims. (Citation omitted.)

*Rodriguez, supra,* 451 U.S. at 612, 101 S.Ct. at 1955.

6. H.R.Rep. No. 859, 69th Cong., 1st Sess. 1 (1926).

We find that since appellant did not fulfill the requirement of 33 U.S.C. § 933 that a third party claim must be filed within six months of receiving workmen's compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, appellant's third party claim is barred. We therefore affirm the decision of the lower court.

*Affirmed.*