Lyle EDWARDS, et al. and Darwin H. Smith, Appellants,

v.

BECHTEL ASSOCIATES PROFESSIONAL CORPORATION, D.C., et al., Appellees.

Nos. 82–365 and 82–1078.

District of Columbia Court of Appeals.

Argued April 21, 1983.

Decided Aug. 31, 1983.

Certiorari Denied Nov. 28, 1983.

See 104 S.Ct. 489.

motion for summary judgment and these appeals followed. Because the six-month period for bringing the actions under the Longshoremen's and Harbor Workers' Act expired, we affirm.

## I.

Appellant Lyle Edwards was an underground superintendent for Ball-Healy-Granite, a contractor for the Washington Metropolitan Area Transit Authority's ("WMATA") construction of the Metro subway system. He began his work in August 1976. At all pertinent times, Bechtel was the safety engineering consultant to WMATA at its construction sites.

In 1978, Edwards received a medical report from his physician stating that his exposure to underground dusts and fumes had worsened a lung condition. Subsequently, in January 1979, appellant filed a worker's compensation claim with his employer. On April 1, 1980, a compensation award was entered. Thereafter, on April 27, 1981, appellant brought this third-party negligence action against Bechtel alleging that Bechtel had failed to provide a safe and healthy working environment.

Appellant Darwin Smith was an Assistant General Superintendent with the Joint Venture, Fruin-Colnon, a contractor working on the Bethesda Metro station for WMATA. As noted above, Bechtel was the safety and engineering consultant to WMATA. Smith began his work in May 1978.

In November 1978, Smith received a medical report from his physician noting that he had contracted a serious respiratory illness through his exposure to toxic dust and fumes on the contract site. Subsequently, he filed a worker's compensation claim with his employer, and then received a formal award of compensation on May 20, 1980. Thereafter, on November 17, 1981, he brought this third-party negligence suit against Bechtel, alleging that Bechtel had failed to provide a safe and healthy working environment.

William F. Mulroney, with whom James M. Hanny and Michelle A. Parfitt, Washington, D.C., were on briefs, for appellants.

James W. Greene, with whom Gary W. Brown and Catherine H. Lesica, Washington, D.C., were on briefs, for appellees.

Before NEBEKER, BELSON, and TERRY, Associate Judges.

NEBEKER, Associate Judge:

This consolidated appeal arises out of third-party negligence actions initiated in the Superior Court of the District of Columbia by appellants against Bechtel Associates Professional Corporation ("Bechtel"). In both cases, the trial court granted Bechtel's

In both of these cases, the trial court granted appellees' motion for summary judgment because the six-month period for bringing the third-party negligence action had elapsed.[1]

## II.

■ Appellants assert that the trial court erred when it held that § 933 of the Longshoremen's and Harbor Workers' Act ("the Act")[2] barred them from asserting a third-party claim against appellees, and assigned all their rights thereunder to their respective employers. Appellants raise several issues. We address each in turn.[3]

### A.

■ Initially, appellants argue that their respective employers did not "secure" compensation insurance within the meaning of the statute[4] (see § 904(a) of the Act), so as to allow them the benefit of assignment of the employees' right to sue. Appellants note that their employers may now pursue third-party actions as reimbursement for their losses[5] without having secured the compensation insurance which pays over benefits to injured employees. While we agree that there is an implied statutory

quid pro quo between securing compensation insurance and assignment to an employer of the right to sue, we believe that appellants' employers did "secure" compensation insurance within the meaning of the statute. Notwithstanding that WMATA paid for the insurance, appellants' employers did secure the compensation payments under the terms of their contracts with WMATA. Further, compensation claims were made with appellants' employers and against their named policies. We are satisfied, therefore, that the statutory requirement has been met.[6]

### B.

■ Appellants preface their next contention by asserting that the Supreme Court decision in Rodriguez v. Compass Shipping Co., 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981), is not binding upon our court.[7] This is plainly not the case. See Dodson v. Washington Automotive Co., 461 A.2d 1020 (D.C.1983). We therefore must be guided by the restraints on third-party actions established in Rodriguez.

In this light, appellants' central contention is that a "unique" conflict of interest

1. Section 933 of the Longshoremen's and Harbor Workers' Act (33 U.S.C. § 901 et seq. (1976)) states in pertinent part:
   (b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner or [Benefits Review] Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award.

2. See note 1, supra.

3. One claim, which we hold does not merit substantive discussion, is that appellants' failure to timely bring their negligence actions is excused by the fact that the compensation carrier failed to disclose the existence of dangerous worksite conditions. This argument is meritless. In fact, any duty owed runs to the named insured (the employer) and not individual claimants.

4. Section 904(a) states in pertinent part:

Every employer shall be liable for and shall secure the payment to his employees of the compensation payable under sections 907, 908, and 909 of this title. In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor unless the subcontractor has secured such payment. (Emphasis added.)

5. See § 933(b) of the Act.

6. Neither do we believe that WMATA violated statutory dictate through the purchase of umbrella insurance coverage for all of its subcontractors.

7. Appellants argue that Rodriguez's holding, which rejected conflicts of interest as a basis for preventing assignment of the right to sue from employee to employer, does not apply where the claimant is not a longshoreman. This is a strained and erroneous reading of Rodriguez, which we specifically rejected in Dodson v. Washington Automotive Co., supra, 461 A.2d at 1024.

exists, sufficient to make out an exception to the requirements of § 933. Specifically, appellants urge that there is a disincentive for their employers to pursue their right to sue, where both Bechtel and their employers are bound by WMATA to subscribe to the same insurance program offered by the Lumbermen's Mutual Casualty Company. Therein, appellants argue that the running of the six-month period does not bar a third-party suit in the circumstance where a conflict of interest creates such a disincentive for the employer to sue. We disagree.

In *Rodriguez, supra,* the Supreme Court interpreted § 933(b) in light of its legislative history and successive amendments, and concluded that the six-month period following an award is "both mandatory and unequivocal." *Rodriguez v. Compass Shipping Co., supra,* 451 U.S. at 602, 101 S.Ct. at 1950. We therefore hold that the trial court did not err in relying upon *Rodriguez* when it granted appellees' motion for summary judgment. Once the compensation awards had been entered for appellants and the six-month grace period had passed, appellants' right to bring a third-party action was transferred automatically to their employers completely divesting appellants of their right to sue. This is so regardless of the asserted existence of a conflict of interest. *See Rodriguez, supra; Johnson v. Bechtel Associates Professional Corp.,* 717 F.2d 574 (D.C.Cir.1983).

### C.

Finally, appellants ask that we limit the application of *Rodriguez* to prospective cases only. Noting that appellants both waited in excess of one year after receiving their formal compensation award to bring these actions, we decline to so hold. *See generally Mendes v. Johnson,* 389 A.2d 781 (D.C.1978) (en banc).

*Affirmed.*