Bruce E. MILLIGAN, Appellant,

v.

BRIAN CONSTRUCTION DEVELOP-
MENT COMPANY, et al., Appellees.

No. 83–1264.

District of Columbia Court of Appeals.

Argued Aug. 29, 1984.

Decided Oct. 16, 1984.

Michelle A. Parfitt, Washington, D.C., for appellant.

Terrence O'Connell, Washington, D.C., for appellee Brian Construction Development Company. Edward J. Gorman, Jr., Washington, D.C., was on the brief for appellee Brian Construction Development Company.

Keith M. Bonner, Washington, D.C., for appellee Parkland Easts Apartments Association.

Before MACK and TERRY, Associate Judges, and REILLY, Chief Judge, Retired.

MACK, Associate Judge:

Appellant, a carpenter employed by a decorating company, sustained a work related injury on February 7, 1980. As a result of the injury, he was awarded workers' compensation benefits on March 26, 1981. Thereafter, on September 25, 1981, appellant filed an action against a third party, Baker Roofing Company, charging it with negligence. Some sixteen months later, on February 1, 1983, he filed a Motion to Amend the Complaint to include as other third party defendant the two appellees.

The issue at the heart of this appeal is whether the appellant's subsequent filing against the appellees, almost two years after the award of workers' compensation benefits, is barred by section 933(b) of the Longshoremen's and Harbor Workers' Act, 33 U.S.C. §§ 901–950 (as incorporated by D.C.Code § 36–501 (1973) (the Longshoremen's Act)).[1] The trial court, concluding

---

**1.** 33 U.S.C. § 933 reads, in pertinent part, as follows:

§ 933. Compensation for injuries where third persons are liable

Election of remedies

(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer or a person or persons in his employ is liable in damages, he need not elect

that the claim was barred as not having been filed within six months after appellant's receipt of workers' compensation, granted summary judgment to appellees. We affirm.

In this court, appellant does not dispute that the language of section 933 of the Act requires that an injured worker who has accepted compensation commence any action against a third person within six months after the award. He argues, rather, that appellees' reliance on *Dodson v. Washington Automotive Co.*, 461 A.2d 1020 (D.C.1983), as being conclusive and dispositive of his claim, is misleading in view of the instant facts. He argues that the fact that he filed a claim against Baker Roofing Company in September of 1981 preserves his claim against appellees. In other words he contends that section 933 must be read to mean that the right to file against *any* third party at *any* time inures to an employee once he files against one third party during the six month period

after the receipt of benefits. We cannot agree with such a broad reading of the statute.

In *Dodson, supra,* in concluding that the appellant's third party action, filed two years after an award of compensation, was barred by the plain language of section 933, we noted with approval language from *Rodriquez v. Compass Shipping Co.*, 451 U.S. 596, 604, 101 S.Ct. 1945, 1951, 68 L.Ed.2d 472 (1981) (*quoting Consumer Product Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)):

> "[A]bsent a clearly expressed legislative intent to the contrary [the statutory] language must ordinarily be regarded as conclusive."

■ Applied to the facts of the instant case, the language of section 933 is no less conclusive. Subsection (a) provides that an injured employee need not make an election as between receipt of compensation and

whether to receive such compensation or to recover damages against such third person.

Acceptance of compensation operating as assignment

(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner or Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award.

\*     \*     \*     \*     \*     \*

Institution of proceedings or compromise by assignee

(d) Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding.

Recoveries by assignee

(e) Any amount recovered by such employer on account of such assignment, whether or not as the result of a compromise, shall be distributed as follows:

(1) The employer shall retain an amount equal to—

(A) the expenses incurred by him in respect to such proceedings or compromise (including a reasonable attorney's fee as determined by the deputy commissioner or Board);

(B) the cost of all benefits actually furnished by him to the employee under section 907 of this title;

(C) all amounts paid as compensation;

(D) the present value of all amounts thereafter payable as compensation, such present value to be computed in accordance with a schedule prepared by the Secretary, and the present value of the cost of all benefits thereafter to be furnished under section 907 of this title, to be estimated by the deputy commissioner, and the amounts so computed and estimated to be retained by the employer as a trust fund to pay such compensation and the cost of such benefits as they become due, and to pay any sum finally remaining in excess thereof to the person entitled to compensation or to the representative; and

(2) The employer shall pay any excess to the person entitled to compensation or to the representative, less one-fifth of such excess which shall belong to the employer.

Institution of proceedings by person entitled to compensation

(f) If the person entitled to compensation institutes proceedings within the period prescribed in subdivision (b) of this section the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury or death over the amount recovered against such third person.

recovery of damages against a third person, and subsection (b) provides that the award of compensation to the employee operates to vest all recovery rights against a third person in the employer, unless the employee elects to move against that person within six months after such award. Appellant's claim, that a timely filed claim against one third person defeats the employer's assignment rights as to other third persons, ignores the plain meaning of the language that the total assignment is triggered by the election to receive compensation and becomes binding if the employee does not elect to file a cause of action within six months.[2] Moreover, the interpretation advanced by appellant would open the door to confusion and multiple litigation, as well as the potential for double compensation or liability. It would defeat the intent of Congress that the Act be construed so as to equally balance the rights of the employees and employers. *See* S.REP. No. 428, 86th Cong., 1st Sess. (1959) *reprinted in* 1959 U.S.CODE CONG. & AD.NEWS 2134.

The legislative history of the Act in this regard is clear. In 1927, when the Act was passed, an employee could select one of two options: he could accept workers' compensation benefits or he could sue a third party for negligence. He could not do both. In 1959, the Congress amended the Act so that an injured employee could exercise both options. In so doing, the Congress conferred upon injured employees a theretofore unknown benefit. The only limiting proviso was that the benefit had to be exercised within six months. The Senate report reads in part:

### PURPOSE OF THE BILL

The bill as amended by the committee would revise section 33 of the act so as to permit an employee to bring a third-party liability suit without forfeiting his right to compensation under the act. The principle underlying the modification of the law made by this bill, is embodied in most modern State workmen's compensation laws. The committee believes that in theory and practice that is a sound approach to what has been a difficult problem. As embodied in the committee amendment, the principle would be applied with due recognition of the equities and rights of all who are involved.

Although an employee could receive compensation under the act and for the same injury recover damages in a third-party suit, he would not be entitled to double compensation. The bill, as amended, provides that an employer must be reimbursed for any compensation paid to the employee out of the net proceeds of the recovery. In the event that an employee does not elect to sue *for damages within 6 months of the compensation award the employer is assigned the cause of action.* In the event that the employer institutes proceedings and makes a recovery, the employee receives four-fifths of the amount after necessary expenses, approved by the Deputy Commissioner, and all benefits and compensation have been deducted. Thus by giving the employer a reasonable (one-fifth) share in the net recovery an incentive is provided not to compromise a suit only for the amount of compensation but to protect the interest of the employee as much as possible.

\*     \*     \*     \*     \*     \*

The bill as amended by the committee provides greater protection to injured workers and corrects defects in existing law. It carefully protects the interests

---

**2.** The appellant argued before the court that the six month statutory assignment period was a notice provision rather than a statute of limitations. He argued that the three year general statute of limitations should be applicable. We are not unmindful of the general statute of limitations, nor, we think, was the Congress. Section 933(b) clearly created a separate statutory period applicable to actions brought under the Act, and that period is the operative one in this case.

of all who are involved and balances the equities. [Emphasis supplied.]

■ Appellant did not bring his cause of action against appellees within six months after his acceptance of compensation under the Act. His claim is barred.

*Affirmed.*