**Adelbert TRIPLETT & Evelyn Triplett, Appellants,**

v.

**GEORGE HYMAN CONSTRUCTION COMPANY, United Sheet Metal, Inc., and John J. Wilson Company, Appellees.**

No. 88–353.

District of Columbia Court of Appeals.

Argued May 17, 1989.

Decided Oct. 25, 1989.

Wayne M. Mansulla, Alexandria, Va., with whom Penny Kahn, Washington, D.C., was on the brief, for appellants.

Edwin A. Sheridan, Fairfax, Va., for George Hyman Const. Co., appellee.

H. Patrick Donohue, for United Sheet Metal, Inc., appellee.

Edward J. Longosz, III, with whom Gary W. Brown, Washington, D.C., was on the brief, for John J. Wilson Co., appellee.

Before NEWMAN, FERREN, and TERRY, Associate Judges.

NEWMAN, Associate Judge:

Adelbert Triplett and Evelyn Triplett (collectively referred to as "Triplett") appeal from the trial court's grant of summary judgment in favor of Hyman Construction Company, *et al.* (collectively referred to as "Hyman"). Summary judgment was granted based on the trial court's determination that Triplett's claims were barred by the six-month statute of limitations under D.C.Code § 36–335(b) of the District of Columbia Workers' Compensation Act of 1979 ("the 1979 Act"). Triplett contends that the statute of limitations period does not apply, and, if it does, it does not begin to run until the final payment has been rendered under a final compensation order. We hold the limitation period applies and that the issuance of a final compensation order and the acceptance of payments thereunder by the employee constitute "[a]cceptance of ... compensation under an award in a compensation order" so as to begin the running of the statute of limitations period. D.C.Code § 36–335(b) (1981). Accordingly, we affirm.

The facts of this case are uncontested. On February 6, 1986, Adelbert Triplett was injured while working as an electrician for Harry Alexander, Inc., a subcontractor of Hyman Construction Company, the general contractor at the work site. United Sheet Metal, Inc. and John J. Wilson Company were other subcontractors at the site.

Following his injury, Triplett filed a workers' compensation claim under the 1979 Act. On January 10, 1986, in a "Recommended Compensation Order," a Department of Employment Services ("DOES") hearing examiner recommended that Triplett "receive partial disability benefits from November 4, 1984, to the present and continuing." On January 14, 1986, Deputy Director Grace Lockett Rosner adopted the hearing examiner's Recommended Compensation Order and issued a Proposed Compensation Order requiring any exceptions to be filed by February 3, 1986. None were filed and the Proposed Compensation Order became the Final Compensation Order on February 3, 1986.

Immediately following promulgation of the Final Compensation Order, Triplett received retroactive payments from his employer for the dates between November 5, 1984 through January 20, 1986. However, due to an accounting error, an additional retroactive payment was made and received on October 14, 1986. Pursuant to the Final Compensation Order, Triplett began receiving biweekly payments of $434.06 on February 3, 1986.

On February 4, 1987, one year after the Final Compensation Order was issued, Triplett filed a complaint against appellees George Hyman Construction Company, John J. Wilson Company, and United Sheet Metal Company, Inc. alleging three counts of negligence and one count of loss of consortium.

The first issue before us is whether the six-month limitation provision of D.C.Code § 36–335(b) (1981) applies to this case. The second issue is, if § 36–335(b) applies, when does the six-month period commence?

## I.

■ The trial court concluded that *Rodriguez v. Compass Shipping Co., Ltd.*, 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981) is controlling authority on the question of whether the six-month statute of limitations contained in D.C.Code § 36–335(b) (1981) applies to appellant's claim. Appellant argues that the trial court erred in applying *Rodriguez*, because the statute in question (the 1979 Act) was enacted before *Rodriguez* was decided. Appellant contends that the trial court should have applied the rule in *Potomac Electric Power Co. v. Wynn*, 120 U.S.App.D.C. 13, 343 F.2d 295 (1964), because at the time of enactment of the 1979 Act, *Wynn* was the only case interpreting the federal statute upon which the D.C. statute was modeled. The trial court declined to follow *Wynn* and, in accord with *Rodriguez*, granted summary judgment to appellees as a matter of law. We agree that *Rodriguez* is the controlling authority on this question.

Prior to 1928, private employees in the District of Columbia were not covered by a workmen's compensation program. In 1928, after several attempts to pass legislation to cover them failed, Congress adopted the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 933 ("LHWCA"), then in effect for maritime workers, to cover the District's private employees as well. *See* D.C.Code §§ 36–501, 36–502 (1973) ("Old Act").[1] In 1980, pursu-

---

1. D.C.Code §§ 36–501, 36–502 (1973) read as follows:

§ 36–501. Longshoremen's and Harbor Workers' Compensation Act made applicable to the District of Columbia.

The Provisions of chapter 18 of title 33, U.S.Code, including all amendments that may hereafter be made thereto, shall apply in respect to the injury or death of an employee of an employer carrying on any employment in the District of Columbia, irrespective of the place where the injury or death occurs; except that in applying such provisions the term "employer" shall be held to mean every person carrying on any employment in the District of Columbia, and the term "employee"

shall be held to mean every employee of any such person.

§ 36–502. Exceptions.

This chapter shall not apply in respect to the injury or death of (1) a master or member of a crew of any vessel; (2) an employee of a common carrier by railroad when engaged in interstate or foreign commerce or commerce solely within the District of Columbia; (3) an employee subject to the provisions of subchapter I of chapter 81 of title 5, U.S.Code; and (4) an employee engaged in agriculture, domestic service, or any employment that is casual and not in the usual course of the trade, business, occupation, or profession of the employer; and (5) any secretary, stenogra-

ant to the District of Columbia Self–Government and Reorganization Act, D.C. Code §§ 1–201 *et seq.* (1981), the Council of the District of Columbia enacted the District of Columbia Workers' Compensation Act of 1979 ("New Act"), which replaced the Old Act. However, the New Act retained the language of § 933(b) of the LHWCA, which states:

> Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner or Board shall operate as an assignment to the employer of all rights of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such an award.[2]

33 U.S.C. § 933(b).

In *Rodriguez,* the Supreme Court, relying on the plain language of the statute, interpreted § 933(b) to bar third party claims instituted more than six months after the acceptance of a compensation award. In *Dodson v. Washington Automotive Co.,* 461 A.2d 1020, 1024 (D.C.1983), we held that *Rodriguez* is binding on third party suits brought by private employees under the Old Act, because the Old Act adopted that same language as the LHWCA and there was nothing in the Old Act or its legislative history to suggest that Congress intended to apply only certain portions of the LHWCA to the District of Columbia.[3] In view of the fact that the New Act also adopts that same language, and in the absence of legislative history to the contrary, we now hold *Rodriguez* to be binding on such claims brought under the New Act.

## II.

■ The second issue in this case is whether an injured employee must receive every dollar due under a Final Compensation Order before the six-month statute of limitations for filing his claim against a third party begins to run.[4] Appellant contends that due to the aforementioned accounting error, he did not actually receive all of the monies due him under the Final Compensation Order until October 14, 1986. From this he concludes that he did not actually "accept" the order until October 14, 1986, which date was less than six months from the date when he filed his action against appellees. Therefore, his argument goes, his action was timely and should not have been dismissed by the court below.

The trial court rejected this argument, citing *Rhodes v. Donohoe Construction Co.,* 527 F.Supp. 596 (D.D.C.1981) for its holding that for purposes of commencing the six-month statute of limitations, an employee has "accepted" compensation on the date that payment is received. The trial court concluded that, for purposes of the statute, appellant "accepted" compensation when he received retroactive payments from his employer shortly after the Final Compensation Order was issued in February, 1986, and that it was from February, not October, 1986 that the six-month filing period began to run. We agree.

The trial court properly declined appellant's invitation to eschew the simple and definite manner of marking the commencement of the six-month time period used in *Rhodes* in favor of a method requiring receipt of the "full" compensation award. The court's comment in *Rhodes* is equally justified here:

> employer of all rights of the person entitled to compensation to recover damages against such third person unless such person shall *commence an action against such third person within 6 months after such award.*

3. H.R.Rep. No. 859, 69th Cong., 1st Sess. 1 (1926).

4. *See* note 2.

---

pher, or other person performing any services in the office of any Member of Congress or under the direction, employment, or at the request of any Member of Congress, within the scope of the duties performed by secretaries, stenographers, or such employees of Members of Congress.

2. D.C.Code § 36–335(b) (1981) reads as follows: Acceptance of such compensation under an award in a compensation order filed with the Mayor shall operate as an assignment to the

Common sense dictates that Congress did not intend to create a period of limbo in which neither the claimant nor his employer, as claimant's assignee under the statute, could bring action. No apparent purpose will be served by relegating a right of action to such a temporary "no man's land." The legislative history of [the statute] is devoid of any indication that Congress intended to construct the bizarre statutory scheme propounded by defendants.

*Id.* at 598. Appellant proposes an equally bizarre scheme, according to which the six-month statute of limitations would not begin to run until the last dollar of his retroactive award was sent to him. Thus, as appellant would have it in this case, the correction of mere clerical and accounting errors would work to revive claims long considered dead. We decline to adopt such a scheme.[5]

Accordingly, the trial court's grant of summary judgment is

*Affirmed.*

---

5. Adelbert Triplett asked that, in the event we find his claim time-barred, we substitute his employer as a party. We see no proper basis for doing so. Likewise, since the contention with respect to Ms. Triplett's claimed loss of consortium was not raised below, we decline to address it here.