**William A. SIMPSON, et al., Appellants,**

**v.**

**JACK BAKER, INC., et al., Appellees.**

**No. 92–CV–519.**

District of Columbia Court of Appeals.

Feb. 12, 1993.

---

George A. Teitelbaum, Washington, DC, was on the motion, for summary reversal.

Kenneth G. Roth, Fairfax, VA, was on the motion, for summary affirmance.

Before TERRY and SULLIVAN, Associate Judges, and PRYOR, Senior Judge, in chambers.

PER CURIAM:

This matter came before the court on the parties' cross-motions for summary reversal and summary affirmance. On consideration of those motions, and the responses thereto, it is

ORDERED that appellants' motion for summary reversal is denied. It is

 FURTHER ORDERED that appellees' motion for summary affirmance is granted, and the order dismissing appellants' complaint is hereby affirmed for the reasons stated in the trial court's order of April 7, 1992, which we adopt and incorporate herein by reference. That order is reproduced as an appendix to this opinion.

APPENDIX

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

William A. Simpson, et al., Plaintiffs

v.

Jack Baker, Inc., et al., Defendants

Case No. CA–91–14089

ORDER

This matter is before the Court on defendant Jack Baker, Inc.'s motion to dismiss the complaint. Upon consideration of defendant's motion, plaintiff's opposition thereto, all subsequent replies, and the record herein, the motion is hereby GRANTED.

Defendant essentially moves to dismiss on the grounds that the suit is barred by the applicable three year statute of limitations. Plaintiff does not dispute that the suit was untimely filed. Plaintiff initially relies on ongoing settlement negotiations to justify the delay in filing suit. However, plaintiff has not alleged any actions on behalf of defendant to induce delay. Plaintiff simply, in hopes of settlement, on its own failed to file suit prior to the expiration of the statute of limitations. Therefore, the Court cannot set aside the statute of limitations based on ongoing settlement negotiations.

Plaintiff next argues that the statute of limitations should be tolled due to pending workmen's compensation claims both in the District of Columbia and in Maryland. The defendant in the instant case is not plaintiff's employer but rather a third party with regard to the workmen's compensation claim. Plaintiff directs our attention to D.C.Code § 36–335, which states, in pertinent part:

(a) If, on account of a disability or death for which compensation is payable under this chapter, the person entitled to such compensation determines that some person other than those enumerated in § 36–304(b) is liable for damages, he need not elect whether to receive such

compensation or to recover damages against such third person.

(b) Acceptance of such compensation under an award in a compensation order filed with the Mayor shall operate as an assignment to the employer of all rights of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within 6 months after such award.

The above quoted language makes no reference to the tolling of the three year statute of limitations. The above language simply allows the injured employee to collect workmen's compensation and file suit for any deficiency in the award; also, if the employee fails to file suit within the prescribed time, then the right to file suit subrogates to the employer. The language contained in subsection (a) above similarly notes that the employee need not elect his remedies at the outset; it does not provide for the tolling of the statute of limitations.

Furthermore, plaintiff's reliance on *Triplett v. George Hyman Const. Co.*, 565 A.2d 83 (D.C.1989), is misplaced as the court in that case did not address the issue of concern here. The *Triplett* court simply decided whether or not the six month statute of limitations provided for in D.C.Code § 36–335 was applicable to the case and, if applicable, when the statute of limitations began to run. The court did not make any determination that the six month statute of limitations in D.C.Code § 36–335 superseded D.C.Code § 12–301. Plaintiff focuses on the *Triplett* court's use of the term "statute of limitations" and espouses its applicability to all situations involving time limits. The court's use of that terminology is clearly limited to the rights between the employer and employee, as delineated in

D.C.Code § 36–335, with regard to bringing third party claims. It does not necessarily set forth the statute of limitations applicable to plaintiff's claim against the third party. Plaintiff has provided no other basis to support his conclusion that the statute of limitations should be tolled.[1]

WHEREFORE, it is this 7th day of April, 1992, hereby

ORDERED that defendant Jack Baker, Inc.'s motion to dismiss is GRANTED.

/s/ Colleen Kollar–Kotelly
Judge Colleen Kollar–Kotelly
(Signed in Chambers)

---

1. The Court would note that there are conflicting statements in the record as to whether or not an award has been made in plaintiff's workmen's compensation claim filed in Maryland. Based on the reasoning set forth in this order, however, it is unnecessary to reach that issue. In addition, plaintiff's workmen's compensation claim in the District of Columbia was filed upon the expiration of the three year statute of limita-

tions. It would be absurd to allow plaintiff to circumvent the statute of limitations set forth in D.C.Code § 12–301 by simply filing a workmen's compensation claim after the expiration of the three years and then filing a civil action; this would render the three year statute of limitations a nullity with regard to employment-related claims.